UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>

NATIONAL STUDENT LEGAL DEFENSE
NETWORK,

          Plaintiff,

   v.

U.S. DEPARTMENT OF EDUCATION,

          Defendant.

</td><td>

Civil Action No. 24-0720 (LLA)

</td></tr>
</table>

## JOINT STATUS REPORT

Pursuant to the Court's April 19, 2024, Order, ECF No. 6, the parties respectfully submit this joint status report for this Freedom of Information Act ("FOIA") case.

**Defendant's Position**

Defendant, U.S. Department of Education ("Department"), reports that it has completed its searches for documents potentially responsive to Plaintiff's FOIA request. The Department reports that it has located 7,074 pages of potentially responsive documents and that it anticipates beginning its production of non-exempt responsive documents in late June 2024. The Department advises that it currently anticipates reviewing a minimum of 500 pages per month beginning in May 2024. The Department reports that it is unable to determine whether a *Vaughn* index will be required in this case at this time. The Department further reports that it does not anticipate filing a motion for stay under *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976).

The Department further reports that it received an inquiry from Plaintiff's counsel on or about May 10, 2024, asking the Department to (1) identify the search terms the Department used for Plaintiff's FOIA request items number 2 and 3; (2) identify whether the 7,074 pages of potentially responsive records contain the 650 reports the Department previously identified to

Plaintiff on or about June 17, 2022; and (3) identify the location of publicly available information responsive to Plaintiff's FOIA request.

The Department reports that on May 20, 2024, the Department provided a link to publicly available Final Program Review Determinations for 2017 and portions of 2020. The Department will continue to research and respond to Plaintiff's inquiry.

Defendant is concerned about Plaintiff's belief that a production rate of 1,000 pages per month is reasonable and opposes any request that the Court order such a processing rate in this case. The Department has a decentralized FOIA process, whereby each component office searches and processes records independently. When a FOIA request becomes the subject of litigation, however, those results are then sent to a single Department counsel for additional review prior to production. The mere fact that federal elections have occurred between Plaintiff's request and Plaintiff's filing of this suit does not entitle Plaintiff to ask the Court to order a processing rate of 1,000 pages a month, which is unreasonable and would place an undue burden on Defendant.

Defendant proposes a production rate of 500 pages per month, which meets or exceeds processing rates regularly approved in this district. *See, e.g.*, *Nat'l Sec. Counselors v. Dep't of Just.*, 848 F.3d 467, 471–72 (D.C. Cir. 2017) (recognizing that FBI's 500-page-per-month policy "serves to promote efficient responses to a larger number of requesters"); *Project for Privacy & Surveillance Accountability, Inc. v. Office of the Dir. of Nat'l Intel.*, Civ. A. No. 21-1217 (TSC) (D.D.C. entered Apr. 19, 2022), Min. Order (approving, over the plaintiff's objection, agency's processing rate of 100 pages per month); *Citizens for Resp. & Ethics in Wash. v. Dep't of Homeland Sec.*, Civ. A. No. 19-3544 (APM) (D.D.C. entered Feb. 1, 2022), Min. Order (declining to increase the processing of 300 pages to 500 pages per month); *Chaverra v. ICE*, Civ. A. No. 18-0289 (JEB), 2020 WL 7419670, at *1 (D.D.C. Nov. 5, 2020) ("this Court and others have approved

production schedules akin to what [the agency] proposes here"—i.e., roughly 500 pages per month); *Martinez v. Dep't of Just.*, Civ. A. No. 20-0251 (RDM) (D.D.C. entered June 5, 2020), Min. Order (ordering 500 page per month processing rate); *Reps. Comm. for Freedom of the Press v. CBP,* Civ. A. No. 19-2401 (CRC) (D.D.C. entered Apr. 3, 2020), Min. Order (ordering 500 page per month processing rate); *S. Utah Wilderness All. v. Dep't of Interior*, Civ. A. No. 19-2203 (TNM) (D.D.C. entered Nov. 25, 2019), Min. Order (ordering 500 page per month processing rate); *Ctr. for Reproductive Rights v. Dep't of State,* Civ. A. No. 18-2217 (DLF) (D.D.C. entered Apr. 3, 2019), Min. Order (denying plaintiff's request for a 1,000 page per month processing rate; ordering a 300 page per month processing rate); *Ctr. for Bio. Diversity v. Dep't of Interior*, Civ. A. No. 17-1595 (RC) (D.D.C. entered July 23, 2019), Min. Order (ordering 500 pages per month processing rate); *Colbert v. FBI*, Civ. A. No. 16-1790 (DLF), 2018 WL 6299966, at *3 (D.D.C. Sept. 3, 2018) (refusing to increase 500 pages per month processing rate); *Middle E. Forum v. Dep't of Homeland Sec.*, 297 F. Supp. 3d 183, 186-87 (D.D.C. 2018) (Harvey, M.J.) ("500 pages per month is an appropriate rate of production").

Defendant respectfully requests the Court permit the Department reasonable time to search and respond to Plaintiff's inquiries and thereafter allow the parties to try to resolve any remaining issues without the Court's involvement. Defendant proposes filing another joint status report on or before July 3, 2024.

**Plaintiff's Position**

This case concerns the Department's compliance with both the Freedom of Information Act and provisions of federal law that require the Department to play an active role in voter registration systems run by colleges and universities. As described more fully in the Complaint, Congress has specifically tasked the Department with ensuring that colleges and universities are

meeting voter registration requirements enshrined in the Higher Education Act and National Voter Registration Act.  *See* Dkt. 1 at ¶ ¶ 8–10.

Plaintiff ("Student Defense") submitted the FOIA Request as issue in April 2022. The request sought production of three categories of documents: (1) communications with institutions of higher education; (2) final program review determinations; and (3) final audit reports. *See* Dkt. 1 at ¶ 21. In June 2022, the Department informed Student Defense that (1) certain documents were publicly available; and (2) the Department had identified approximately 650 potentially responsive documents that were not publicly available. *See* Dkt. 1 at ¶ 22. Student Defense promptly suggested that the Department provide a listing (with hyperlinks) to publicly available documents and offered a list of search terms that could be applied to the remaining documents. *See* Dkt. 1 at ¶ 23. Plaintiff never received a response.

Roughly two years later, having apparently made no progress on processing this Request since June 2022, the Department has done two things. *First*, it has—today—provided Student Defense to a link to a series of publicly available documents that may, or may not, be responsive to request number 2 of the Student Defense FOIA. *Second*, it has informed Student Defense that there are approximately 7,074 pages of additional documents that it proposes to review and produce at a pace of 500 pages per month, to begin in June 2024. At that pace, simple math shows that this process could take 14 months.

Student Defense requests that the Department produce at least 1,000 pages per month. This request is justified for at least three reasons. *First*, every indication is that the Request has been sitting untouched for nearly two years, even after Student Defense provided a list of search terms to the Department in June 2022. *Second*, this Request was specifically designed to better understand the Department's oversight of issues regarding voter registration. Even under

Plaintiff's proposal, the Department's delays will have spanned two (2022 and 2024) federal elections. Although that cannot be undone, the public interest in this issue commands that the Department move more quickly than their proposal suggests. but asks the Court to order Defendant to produce 1,000 pages per month rather than the 500 pages proposed by Defendant. *Finally*, 1,000 pages per month is significantly less onerous than other production schedules ordered by this Court in analogous circumstances. *See, e.g.*, *NRDC v. Dep't of Energy*, 191 F. Supp. 2d 41, 43 n.5 (D.D.C. 2002) (ordering the Department of Energy to produce "the vast majority" of a 7,500 page production in about a month after making no progress on the request for months); *Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014) (ordering production of 5,000 pages per month); *Inst. for Just. v. IRS*, 547 F. Supp. 3d 1, 12 (D.D.C. 2021) (ordering production of 3,000 pages per month); *Seavey v. Dep't of Just.*, 266 F. Supp. 3d 241, 248 (D.D.C. 2017) (ordering production of 2,850 pages per month).

*             *             *

Plaintiff does not oppose Defendant's proposed timing for a subsequent Joint Status Report.

Dated: May 20, 2024                         Respectfully submitted,
           Washington, DC

/s/Daniel A. Zibel                          MATTHEW M. GRAVES, D.C. Bar #481052
Daniel A. Zibel (D.C. Bar 491377)           United States Attorney
National Student Legal Defense Network
1701 Rhode Island Ave. NW                   BRIAN P. HUDAK
Washington D.C. 20036                       Chief, Civil Division
dan@defendstudents.org
(202) 734-7495                              By: /s/Kimberly A. Stratton
                                                 KIMBERLY A. STRATTON
*Attorney for Plaintiff*                         P.A. Bar #327725
                                                 Assistant United States Attorney
                                                 601 D Street, NW
                                                 Washington, DC 20530
                                                 Ph: (202) 417-4216
                                                 Email: kimberly.stratton@usdoj.gov

                                            *Attorneys for the United States of America*